UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 4:20CR486RLW(SPM) |
| MARIO LONG, | ) |
| Defendant. | ) |

# REPORT AND RECOMMENDATION AND MEMORANDUM OPINION AND ORDER OF UNITED STATES MAGISTRATE JUDGE

All pretrial matters in this case were referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C.§636(b). Defendant Mario Long is charged with one count of being a felon in possession of a firearm. With leave of this Court, Long filed a *pro se* motion to dismiss the indictment or, in the alternative, for a bill of particulars. *See* Doc. 65 & 79. Long's motion, in essence, attacks the evidence and the merits of the United States' case by arguing, among other things, that due to "multiple lacerations to his right hand" it was "impossible for [Long] to have handled the firearm in the manner and time frame in which the incident report states it was possessed." *See* Doc. 65, at p. 3. Long's motion also recites a litany of allegedly missing or deficient evidence such as the lack of forensic testing or photographic evidence. *See id.* at p. 3-5. Long concludes the indictment

should be dismissed because of these deficiencies or, in the alternative, this Court should order the United States to provide a bill of particulars.

## DISCUSSION

### A. MOTION TO DISMISS THE INDICTMENT

Under Rule 12(b)(3)(B)(v), a defendant may seek to dismiss an indictment for failure to state an offense; and defendant must make this facial challenge before trial. Fed. R. Crim. P. 12(b)(3)(B)(v). The requirements for the contents of an indictment are set forth in Fed. R. Crim. P. 7.

Fed. R. Crim. P. 7(c) requires that an indictment "shall be a plain, concise and definite written statement of the essential facts constituting the offense charged." To be legally sufficient on its face and otherwise comport with the requirements of the Sixth Amendment, an indictment must fairly inform the defendant of the crime with which he is being charged in sufficient detail so that he may prepare a defense, and invoke the double jeopardy clause in any future prosecutions based on the same conduct. Fed. R. Crim. P. 7(c); *Hamling v. United States*, 418 U.S. 87, 117 (1974); *United States v. Mallen*, 843 F.2d 1096, 1102 (8th Cir 1988), cert. denied, 488 U.S. 849 (1988); *United States v. Bowie*, 618 F.3d 802, 817 (8th Cir. 2010); *United States v. Huggans*, 650 F. 3d 1210, 1217 (8th Cir. 2011). The test "is not whether [the indictment] could not have been made more definite and certain." *United States v. Tebeau,* 713 F.3d 955, 962 (8th Cir. 2013). Instead, "[a]n indictment will ordinarily be held sufficient unless it is so defective that it cannot be said,

2

by any reasonable construction, to charge the offense . . . ." *Huggans*, 650 F.3d at 1218 (quoting *United States v. Hayes*, 574 F.3d 460, 472 (8th Cir. 2009)).

Generally, an indictment which sets forth the words of the statute itself is sufficient, as long as those words fairly inform the defendant of the elements necessary to constitute the offense charged. *United States v. Sewell*, 513 F.3d 820, 821 (8th Cir. 2007); *United States v. McKnight*, 799 F.2d 443, 445 (8th Cir. 1986); *United States v. Powell*, 701 F.2d 70, 73 (8th Cir. 1983). In reviewing the sufficiency of an indictment, the government's allegations are accepted as true, without reference to allegations outside the indicting document. *United States v. Farm & Home Savings Association*, 932 F.2d 1256, 1259, n.3 (8th Cir. 1991).

Count 1 of the indictment in this case meets the pleading requirement of Rule 7(c) and comports with the Constitution. The elements the United States must prove to sustain a conviction for the charged offense—felon in possession of a firearm—are: "(1) a prior felony conviction; (2) knowing possession of a firearm; and (3) an interstate nexus." *United States v. Tate,* 633 F.3d 624, 629 (8th Cir. 2011). The indictment in this case charges that, in violation of Title 18, United States Code, Section 922(g)(l), on August 6, 2020, in the City of St. Louis, the defendant, Mario Long, "knowingly possessed a firearm, knowing he had previously been convicted in a court of law of one or more crimes punishable by a term of imprisonment exceeding one year, and the firearm previously traveled in interstate or foreign commerce during or prior to being in

3

Defendant's possession. *See* Doc. 2. Long's motion fails because the facts asserted in the indictment together with statutory terms assert all the essential elements of the crime charged and are more than sufficient to give Long notice of the charge he is facing.

In support of his motion to dismiss, Long contends disclosures made by the United States demonstrate that he did not possess, and could not have possessed, the firearm as alleged in the indictment. This argument is more a challenge to the sufficiency of the government's evidence than a challenge to the sufficiency of the indictment. The Eighth Circuit has held that, so long as the indictment is otherwise sufficient, "federal criminal procedure does not allow for pre-trial determination of the sufficiency of the evidence." *United States v. Ferro*, 252 F.3d 964, 968 (8th Cir. 2001) (quoting *United States v. Critzer*, 951 F.2d 306, 307–08 (11th Cir.1992)). In so holding, the Eighth Circuit has recognized that, in criminal cases, "there is no corollary" to the summary judgment procedures contemplated by the Federal Rules of Civil Procedure. *Ferro,* 252 F.3d at 968. The Eighth Circuit has also recognized that the "government is entitled to marshal and present its evidence at trial, and have its sufficiency tested by a motion for acquittal pursuant to [Rule 29]." *Id.* The Eighth Circuit has disapproved "dismissal of an indictment on the basis of predictions as to what the trial evidence will be." *Id.* As such, Long's arguments attacking the sufficiency of the government's evidence are not a basis for dismissal of the indictment.

4

## B. Motion for Bill of Particulars

Long argues, in the alternative, that because of the alleged deficiencies in the United States' disclosures, he is entitled to a bill of particulars. Fed. R. Crim P. 7(f) gives the court discretion to "direct the government to file a bill of particulars" if the defendant "move[s] for a bill of particulars before or within 14 days after arraignment or at a later time if the court permits."

It is well-settled that

> [A] bill of particulars serves to inform the defendant of the nature of the charge against him with sufficient precision to enable him to prepare for trial, to avoid or minimize the danger of surprise at trial, and to enable him to plead his acquittal or conviction in bar of another prosecution for the same offense when the indictment is too vague and indefinite.

*United States v. Hernandez*, 299 F.3d 984, 989-990 (8th Cir. 2002). However, "a bill of particulars is not a discovery device to be used to require the government to provide a detailed disclosure of the evidence that it will present at trial." *United States v. Livingstone*, 576 F.3d 881, 883 (8th Cir. 2009); *United States v. Huggans*, 650 F.3d 1210, 1220 (8th Cir. 2011).

In this case, it is not readily apparent from Long's motion why he believes he is entitled to a bill of particulars. As noted above, the indictment sufficiently informs Long of the charge (indeed, Long does not suggest otherwise), and gives Long sufficient notice of the facts constituting the offense. In his motion, Long repeatedly refers to items disclosed by the United States, making it clear that he has been provided with substantial

5

discovery. Long's motion also makes clear that he understands the nature of the charge against him with sufficient precision that he can attack what he anticipates the evidence will be at trial.

Based on the record before this Court, it appears that the government disclosed arguably suppressible evidence beginning as early as February 4, 2022, pursuant to Fed. R. Crim. P 12(b)(b)(4). *See* Docs. 21 & 22. Consistent with the information proffered in the United States' opposition to the instant motion, on February 4, 2022, the United States filed a disclosure of arguably suppressible evidence pursuant to Fed. R. Crim. P 12(b)(b)(4) and a discovery letter offering to produce, or make available for inspection, a broad range of disclosures including laboratory reports regarding substances, fingerprints, DNA, and/or firearms obtained from the charged offenses; reports from the Bureau of Alcohol Tobbacco, Firearms and Explosives, and statements made by the defendant. *See* Doc. 22.

The undersigned has held multiple status conferences with Long and all counsel. Long and counsel have acknowledged disclosures made by the United States on the record. Although Long has insisted that additional potentially exculpatory evidence exists, from what this Court has gleaned, if any such evidence exists at all, it is in the possession of third parties and not in the possession of the United States. Indeed, Long has failed to identify any specific evidence he believes is within the United States' possession that has not been disclosed.

For the foregoing reasons, Long's motion for bill of particulars is without merit and should be denied.

In accordance with the Memorandum above,

**IT IS HEREBY RECOMMENDED** that Defendant Mario Long's Motion to Dismiss (Doc. 65) be **DENIED**.

**IT IS HEREBY ORDERED** that Defendant Mario Long's alternative Motion for a Bill of Particulars (Doc. 65) be **DENIED.**

The parties are advised that they have **fourteen (14)** days in which to file written objections to this report and recommendation pursuant to 28 U.S.C. §636(b)(1), unless an extension of time for good cause is obtained, and that failure to file timely objections may result in a waiver of the right to appeal questions of fact.  *See Thompson v. Nix*, 897 F.2d 356 (8th Cir. 1990).

Trial in this case will be set by separate order before the **Honorable Ronnie L. White**.

Dated: March 20, 2023.

                                              SHIRLEY PADMORE MENSAH
                                              UNITED STATES MAGISTRATE JUDGE